**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02700-GPG

RASHOD JAMES,

    Plaintiff,

v.

J. ROBB;
FEDERAL BUREAU OF PRISONS;
N. HAMAKER;
ERIC EARWIN;
PAUL ZOHN;
M. ANTHONY;
K. MORRIS;
JOHN DOE 1-6,
J. ARMIJO, AND
JOHN DOE 7-11,

    Defendants.

---

AMENDED ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

In an effort to clarify the Court's requirements for Mr. James' Amended Complaint in this action, the Court is issuing this Amended Order to File an Amended Complaint, which supersedes the Court's previous Order to Amend dated December 8, 2015 (ECF No. 8).

Plaintiff, Rashod James, is a federal prisoner in the custody of the Federal Bureau of Prisons (BOP). He currently is confined at the Florence High Penitentiary in Florence, Colorado. Mr. James has filed *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

(1971) claiming his rights under the United States Constitution were violated. (ECF No. 1). He has been granted leave to proceed *in forma pauperis*. (ECF No. 4).

The Court must construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the complaint is deficient. For the reasons stated below, Plaintiff will be directed to file an amended complaint.

In his Complaint, Plaintiff claims that Defendants have violated his First and Eighth Amendment rights by denying him medical care, using excessive force and retaliating against him. He seeks damages and injunctive relief.

## I. Parties Sued

### A. BOP and Official Capacity

First, the Court notes that Mr. James is suing the Bureau of Prisons and multiple prison officials. He does not specify if he is suing the prison officials in their official or individual capacity. *Bivens* creates a cause of action only against federal officials in their individual capacities for money damages; it does not create a cause of action against the United States (or the Bureau of Prisons). *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005); *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). In addition, claims against the prison officials in their official capacity cannot proceed because "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Id.*

However, Plaintiff may pursue claims for injunctive relief against the BOP or the prison officials in their official capacity. The Administrative Procedures Act, 5 U.S.C. § 702, waives sovereign immunity in most suits for claims "other than money damages." *Id.* at 1238-39 (finding that the Bureau of Prisons is an agency subject to the waiver of sovereign immunity in § 702, and therefore sovereign immunity did not bar prisoner's Eighth Amendment claim for denying dental care).

### B.  John Does

Mr. James may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. James uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

### C.  Rattan and Kiaug

Finally, the Court notes that Plaintiff refers to Defendants Rattan and Kiaug in the text of the Complaint and in the "Parties" section. However, these Defendants are not included in the caption of the Prisoner Complaint. Plaintiff should include all Defendants in the caption of his Amended Complaint.

## II.   Rule 8

Plaintiff's Complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th

Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

In his Complaint, instead of stating each claim and its supporting allegations clearly and concisely in the spaces provided on the Court-approved form, Mr. James simply refers to supporting facts found in the Addendum that he attached to the Prisoner Complaint.  This approach is unacceptable.  Neither the Court nor defendants are required to sift through or piece together Mr. James' allegations to determine the basis for his claims.  It is Mr. James' responsibility to present his claims in a manageable and readable format that allows the Court and defendants to be able to respond to those claims.  In short, Mr. James must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights, and when the violations occurred.

Mr. James is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

4

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### III.     Being Labeled a "Snitch"

Plaintiff alleges that Defendant Hamaker revealed to other inmates that Plaintiff had made allegations of an attempted rape at USP Pollock. (ECF No. 1 at 13). According to Plaintiff, Defendant Hamaker told the other inmates this information in order to label Plaintiff a "snitch." Although Plaintiff asserts this claim as a First Amendment retaliation claim, the facts appear to assert an Eighth Amendment claim.

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotations omitted). The Tenth Circuit Court of Appeals has held that labeling an inmate a "snitch" or otherwise inciting other inmates to harm an inmate states an Eighth Amendment violation, regardless of whether the inmate is ever actually physically harmed. *See, e.g., Benefield v. McDowall*, 241 F.3d 1267, 1271–72 (10th Cir. 2001) (holding it is clearly established law that labeling an inmate a snitch and informing other inmates of that label with knowledge of the obvious risk of danger associated with that label violates the Eighth Amendment even though the inmate is never actually harmed; "a violation of the Eighth Amendment does not turn on the type [of] relief sought" and "may be implicated not only to physical injury, but also by the infliction of psychological harm"). In his amended complaint, Plaintiff should provide dates (or

approximate dates) of the events alleged.  The Court is also aware that Mr. James is pursuing a similar, if not identical, claim in another action in this court, *see James v. Hamaker*, 15-cv-02425-GPG.  Mr. James is instructed that he cannot pursue the same claim in two separate actions.

### IV. Deliberate Indifference to Serious Medical Need

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs.  According to Plaintiff, he is mentally ill and suffers from severe bouts of anxiety, depression, and suicidal thoughts.

An inmate's claim of inadequate medical care amounts to an Eighth Amendment violation if the inmate shows "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. An Eighth Amendment claim involves "a two-pronged inquiry, comprised of an objective component and a subjective component." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). "Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension." *Self*, 439 F.3d at 1230 (internal quotation marks and citation omitted).  To meet the subjective component of an Eighth Amendment claim, a plaintiff must establish the defendant "knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting Farmer, 511 U.S. at 847).  To the extent a correctional officer is serving as a "gatekeeper" for medical personnel capable of treating an inmate's condition, he or she may be liable under the Eighth Amendment to the extent that they delayed or refused to fulfill that gatekeeper role. *See Mata*, 427 F.3d at 751 (quoting *Sealock*, 218 F.3d at 1211); *Edmisten v.*

*Werholtz*, 287 F. App'x 728, 733 (10th Cir. Aug. 1, 2008) (failure to fulfill a gatekeeper role, if proven, satisfies the test for deliberate indifference under the Eighth Amendment).  The Eighth Amendment may be violated if the professional "knows that his [or her] role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition, and if he [or she] delays or refuses to fulfill that . . . role due to deliberate indifference." *Sealock*, 218 F.3d at 1211.

Plaintiff's Complaint does not state a claim of deliberate indifference to medical needs against all of the Defendants.  For example, as to "Defendant Rattan" and "Defendant Kiang," Plaintiff alleges that Defendant Rattan, the SHU Physician Assistant, refused to examine or treat plaintiff after the attack on November 5, 2015 and that Defendant Kiang refused to provide Plaintiff with over-the-counter Tylenol even though he was in severe pain.  These allegations fail to establish deliberate indifference to a serious medical need.  There are no allegations that Defendant Rattan knew and disregarded an excessive risk to inmate health and safety.  Further, although Defendant Kiang allegedly knew that Plaintiff wanted Tylenol for pain, the denial of over-the-counter Tylenol is not of constitutional magnitude and does demonstrate that Defendant was deliberately indifferent to Plaintiff's health and safety.  Plaintiff's amended complaint should adequately allege deliberate indifference to medical needs.

Therefore, Plaintiff is directed to file an amended complaint if he wishes to pursue his claims in this action.  Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an amended complaint that complies with this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court may dismiss the action without further notice.

DATED February 3, 2016, at Denver, Colorado.

                                              BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge