IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02700-GPG

RASHOD JAMES,

    Plaintiff,

v.

J. ROBB;
N. HAMAKER;
M. ANTHONY;
J. ARMIJO,
K. MORRIS;
PAUL ZOHN,
ERIC EARWIN;
FEDERAL BUREAU OF PRISONS,

    Defendants.

---

ORDER TO DISMISS IN PART AND DRAW

---

Plaintiff, Rashod James, is a federal prisoner in the custody of the Federal Bureau of Prisons (BOP). He currently is confined at the Florence High Penitentiary in Florence, Colorado. Mr. James has filed *pro se* an Amended Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) claiming his rights under the United States Constitution were violated. (ECF No. 10).

Mr. James has been granted leave to proceed *in forma pauperis*. (ECF No. 4). Therefore, the Court must dismiss the action if Mr. James' claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts

the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The Court will dismiss the action in part as legally frivolous.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

### I. Amended Complaint

In his Amended Complaint, Plaintiff alleges three claims based on Eighth Amendment violations: (1) excessive force; (2) deliberate indifference to medical needs; and (3) being labeled a "snitch." He seeks damages and injunctive relief.

#### A. Claim One: Excessive Force

Plaintiff alleges that on or about October 21, 2015, he cut his wrists and asked to see Defendant Zohn, the prison psychologist, due to suicidal urges. On or about October 22, 2015, Plaintiff's cellmate set a fire in the cell, which caused Plaintiff to inhale a lot of smoke. After 30 minutes, Defendants Hamaker and Armijo placed Plaintiff in the SHU recreation yard, where Plaintiff climbed 15 feet in the air with a noose around his neck and asked to see Zohn for an assessment. Hamaker and Armijo returned 2 hours later and told Plaintiff that "Zohn really doesn't care." Armijo summoned a use of force team to extract Plaintiff from the recreation yard and return him to his cell.

Later, Plaintiff alleges "they" returned to supply a mattress and upon entering the cell they began striking Plaintiff with closed fists in the head and body causing a mild concussion and bruises all over his body.  Plaintiff remained in pain for 10 days.

Approximately a week later, on or about October 29, 2015, Plaintiff knelt in his food port and asked Defendant Robb to see Internal Affairs to report the assault by prison officials on October 22nd and, in response, Defendant Robb sprayed the Plaintiff in the eyes with OC (pepper) spray and walked away.  Plaintiff suffered severe pain.

Mr. James was warned in the Court's previous Order that in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." (ECF No. 9 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007)).  Despite this instruction, the Amended Complaint fails to identify the prison official Plaintiff complained to on or about October 21, 2015 after he cut his wrists and asked for medical care.  Likewise, when Mr. James alleges that "they" returned to his cell and began striking him with closed fists, he never specifies who "they" are.  As a result of the failure to allege personal participation by any Defendants in those allegations, those claims of alleged excessive force will be dismissed.

Mr. James' also alleges that when he knelt into his food port and asked Defendant Robb to see Internal Affairs to report an instance of alleged excessive force, Defendant Robb sprayed him in the eyes with OC (pepper) spray and walked away.  Mr. James' claim based on these factual allegations will be drawn to a presiding judge and, if applicable, a magistrate judge.

### B.  Claim Two: Deliberate Indifference to Medical Needs

Plaintiff alleges in claim two that following the events on October 22, 2015 and October 29, 2015, Plaintiff asked Defendants Hamaker, Armijo, Robb, Anthony, Morris, and Earwin for medical treatment.  Plaintiff asked for medical treatment for seven straight days.  Each defendant refused to call or notify medical staff.  As a result, Plaintiff did not receive any medical aid.

An inmate's claim of inadequate or delayed medical care amounts to an Eighth Amendment violation if the inmate shows "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.  An Eighth Amendment claim involves "a two-pronged inquiry, comprised of an objective component and a subjective component." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). "Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension." *Self*, 439 F.3d at 1230 (internal quotation marks and citation omitted).  The substantial harm requirement "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir.2001).

To meet the subjective component of an Eighth Amendment claim, a plaintiff must establish the defendant "knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847).

To the extent a correctional officer is serving as a "gatekeeper" for medical personnel capable of treating an inmate's condition, he or she may be liable under the Eighth Amendment to the extent that they delayed or refused to fulfill that gatekeeper

4

role. *See Mata*, 427 F.3d at 751 (quoting *Sealock*, 218 F.3d at 1211); *Edmisten v. Werholtz*, 287 F. App'x 728, 733 (10th Cir. Aug. 1, 2008) (failure to fulfill a gatekeeper role, if proven, satisfies the test for deliberate indifference under the Eighth Amendment).  The Eighth Amendment may be violated if the professional "knows that his [or her] role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition, and if he [or she] delays or refuses to fulfill that . . . role due to deliberate indifference." *Sealock*, 218 F.3d at 1211.

In this case, Plaintiff's allegations in claim two fail to adequately allege a claim of deliberate indifference to a medical need.  Plaintiff's allegations fail to demonstrate that the Defendants actually knew he faced a substantial risk of serious harm and disregarded that risk.  Although Plaintiff alleges he was "in pain for 10 days" as a result of the October 22, 2015 assault, which caused "a mild concussion and bruises all over his body," there are no allegations that Defendants knew about these injuries or that they knew these injuries required medical attention.  Likewise, regarding the alleged assault with pepper spray, Plaintiff alleges that he was in "severe pain."  However, there are no allegations that the Defendants knew about the severe pain or knew that Plaintiff faced a substantial risk of serious harm if he was not provided medical care.  The Amended Complaint simply states, "[P]laintiff asked [Defendants] for medical treatment on each of the 7 days that passed to see a medical staff for assessment and treatment for the injuries he sustained in the 2 uses of force." (ECF No. 10 at 5).  Thus, Plaintiff's second claim for deliberate indifference to a serious medical need against Defendants Hamaker, Armijo, Robb, Anthony, Morris, and Earwin will be dismissed as legally frivolous.

Liberally construing Plaintiff's Amended Complaint, however, his factual allegations in claim one that he climbed 15 feet on a fence in the SHU recreation yard with a noose around his neck and asked Defendants Hamaker and Armijo to see Zohn for an assessment, but instead Defendants Hamaker and Armijo returned 2 hours later and told Plaintiff "Zohn didn't care," may be an attempt to assert a deliberate indifference to medical needs claim. This claim against Defendants Hamaker, Armijo, and Zohn will be drawn to a presiding judge and, if applicable, a magistrate judge.

### C.  Being Labeled a "Snitch" Claim

Plaintiff alleges that between October and November 2015, Defendants Hamaker and Robb told inmates that Plaintiff was a "snitch." (ECF No. 10 at 6). As a result, each time Plaintiff tried to attend recreation, inmates in adjacent recreation cages spit on or threw urine on Plaintiff and called him names, such as "rat," "snitch," and "cheeser." This claim against Defendants Hamaker and Robb will be drawn to a presiding judge and, if applicable, a magistrate judge.

### D.  Defendant BOP

In the Amended Complaint, Plaintiff fails to make any specific allegations against the BOP, besides identifying it as a party and stating it "operates USP Florence and employs defendants." (ECF No. 10 at 9). Otherwise, Plaintiff does not refer to the BOP in any manner. Furthermore, Plaintiff may not assert a *Bivens* claim for damages against the BOP. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (an inmate may bring a *Bivens* action against the offending individual officer but not against the officer's employer). Defendant BOP, therefore, will be dismissed as a party to this action.

Accordingly, it is

**ORDERED** that all claims asserted against Defendants BOP, Anthony, Morris, and Earwin shall be dismissed and these Defendants shall be dismissed as parties to this action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2(B)(i).  It is

**FURTHER ORDERED** that the claims as set forth above against Defendants Robb, Hamaker, Zohn, and Armijo shall be drawn to a presiding judge and, if applicable, a magistrate judge pursuant to D.C.COLO.LCivR 40.1.

DATED at Denver, Colorado, this  17th  day of   March  , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court